## KOCH v. SEEBERGER, Collector, etc.

*(Circuit Court, N. D. Illinois. March 14, 1887.)*

1. CUSTOMS DUTIES—HAIR-CLIPPERS—CUTLERY.
   "Hair-clippers" used by barbers in cutting hair close or short should be rated for duty as "cutlery," and charged duty at 35 per cent. *ad valorem.*
2. SAME—CRITERION—NAME—MACHINES—USE.
   The name of an imported article is not the sole guide by which to classify it for duty. Its uses, especially when it is new, and a substitute for other articles, should be considered.

At Law. Action to recover excess of duties paid under protest.

*P. L. Shuman,* for plaintiff.

*W. G. Ewing,* U. S. Dist. Atty., for defendant.

BLODGETT, J. The plaintiff imported an invoice of "hair-clippers," used by barbers in cutting hair close or short. A duty of 45 per cent. *ad valorem* was assessed against them under the last clause of Schedule C in the act of March 3, 1883, (clause 216, Heyel's New Tariff Index,) as "a manufacture composed wholly or in part of steel, not otherwise enumerated or provided for." The plaintiff claimed the goods should have been classed as "cutlery," under clause 197, Heyel's Index, and charged duty at the rate of 35 per cent. *ad valorem.* The duty as assessed was paid under protest; an appeal taken to the secretary of the treasury, who affirmed the action of the collector; and this suit was brought in apt time to recover back the alleged excess of duty so paid.

The implements in question operate upon the same principle as shears or scissors, having fingers which run close to the skin, and gather and hold the hair where it can be clipped off by the reciprocating action of the cutting blades upon the fingers, and are intended to take the place of shears and scissors in the work of trimming and cutting hair and beards. The proof shows that these goods are sold and dealt in as "cutlery," and known by that name to the trade. These implements, in their structure and use, are most analogous to shears and scissors; but I find no specific duty upon shears and scissors, and it is admitted that they are classed as cutlery for the purpose of assessing duty; which would seem to be the rule from the tenor of treasury decision 3195,

Synoptical Series. One of Webster's definitions of the word "cutlery" is: "Edged or cutting instruments in general." Pen and pocket knives and razors, which might also come under the general designation of "cutlery," are chargeable with a specific duty of 30 per cent. *ad valorem,* (paragraph 207, New Tariff Index,) and, being so specifically charged, they are, of course, taken from the operation of the general term "cutlery;" but I am very clearly of opinion that, if shears and scissors come in the general definition of cutlery, these instruments should also be classed there, so long as there is no specific duty imposed upon them.

One of the grounds, if not the only one, assigned for classing these goods "as a manufacture of steel not otherwise provided for," was that the trade circular of the manufacturer calls them "machines." I do not think that a name should be the sole guide by which to classify imported goods for duty. The use, and especially when an article is new and a substitute for other articles, may be and often is an important guide to the proper classification. These articles, as I have said, are more like shears and scissors in their operation and uses than like any other implement, and I see no reason why they should be called "machines," which would not justify the application of the same term to shears, or to the common class of pocket-knives. In the light of the proof, therefore, and the analogies, I conclude that these goods should have been classed as "cutlery," and charged duty at 35 per cent. *ad valorem.*

The issue is found for the plaintiff.